IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RANDY HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:09cv01-CSC |
| | ) | (WO) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Now pending before the court is the plaintiff's motion for attorney's fees pursuant to 28 U.S.C. § 2412(d)(1)(A) filed on June 18, 2010 (doc. # 25).  On June 28, 2010, the defendant filed a response to the plaintiff's motion for attorney's fees (doc. # 27) objecting to an award of fees in this case. The plaintiff has filed a reply to the defendant's response (doc. # 29).

The plaintiff seeks an award of attorney's fees under the Equal Access to Justice Act ("EAJA), 28 U.S.C. § 2412(d)(1)(A), in the amount of $1,843.75 which represents 14.75 hours of work at an hourly rate of $125.00.  The defendant asserts that "special circumstances make an award unjust" in this case.  Relying on *Contreras v. Barnhart*, 79 Fed. App'x 708 (5th Cir. 2003) (unpublished), the defendant argues that

> [b]ecause Plaintiff did not brief the principal issues on which the Court reversed and remanded, Plaintiff's attorney fees "were thus expended 'efforts that achieved no appreciable advantage;' the attorney 'made no contribution' to the claim upon which [the claimant's] case was remanded; and the attorney is not entitled to fees for simply keeping the case alive to allow the district court to reverse and remand" on other issues.

(Def's Res. to Pl's Application for Attorney's Fees, doc. # 27 at 4).

Under the EAJA, the court may award reasonable attorney's fees to a prevailing plaintiff in a social security case.  The EAJA specifically provides that "a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency decision, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that *special circumstances make an award unjust*."  28 U.S.C. § 2412(d)(1)(A) (emphasis added).

According to the defendant, because the court reversed and remanded this matter on an issue not briefed, the plaintiff should not be awarded any fees.  If, however, the court chooses to award fees, the defendant argues that the fee request should be "significantly reduced."  *See* Doc. # 27.

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act,  42 U.S.C. § 401 et seq., and for supplemental security income benefits under Title XVI of the Social Security Act,  42 U.S.C. § 1381 et seq., alleging that he was unable to work because of a disability.  After he was denied at the administrative level, the plaintiff sought review by this court.  On April 15, 2010, the court reversed the decision of the Commissioner and remanded this matter for further proceedings concluding that the ALJ

    (1)    failed to fully and fairly develop the record regarding the plaintiff's intellectual functioning;

    (2)    failed to secure the plaintiff's mental health records or secure a consultative psychological examination;

    (3)    failed to articulate clear and adequate reasons for discrediting the

plaintiff, rendering his credibility analysis deficient as a matter of law;
(4)     failed to properly develop the record regarding the plaintiff's financial situation as it related to the plaintiff's failure to secure treatment;
(5)     failed to make the proper findings regarding the consultative physician's assessment of the plaintiff's residual functional capacity; and
(6)     failed to resolve the ambiguities and inconsistencies in the record regarding the plaintiff's abilities to sit, stand and carry.

*See* Memorandum Opinion and Order, Doc. # 23.

The defendant argues that because the plaintiff's attorney did not brief the issues regarding his intellectual functioning or mental impairments, the attorney 'achieved no appreciable advantage,' for the plaintiff and he merely 'kept the case alive' until the district court reversed and remanded the action.   The court disagrees.   In brief, the plaintiff challenged the ALJ's credibility analysis and the ALJ's failure to properly consider the opinion of the consultative physician, Dr. Crawford.  *See* Doc. # 21, Pl's Br. at 3.   The court decided these issues in favor of the plaintiff on remand.

Moreover, the mere fact that the plaintiff did not brief all the issues upon which he was successful does not make an award of fees unjust in this case.

> [I]t is well established that a party need not obtain relief on every claim or legal theory it propounds in order to be considered "prevailing" under a fee-shifting statute. In the context of the Civil Rights Attorney's Fees Act, 42 U.S.C. § 1988) (section 1988), the Supreme Court has made clear that a plaintiff is "prevailing" if he proves "his entitlement to *some* relief on the *merits* of his claims, either in the trial court or on appeal." *Hanrahan v. Hampton,* 446 U.S. 754, 757, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980) (per curiam) (emphasis added). He or she need not prevail on all legal issues. *Id.* Our court has applied these standards in the EAJA context. *See Haitian Refugee Center v. Meese,* 791 F.2d 1489, 1495-96 (11th Cir.) (interim EAJA award where plaintiffs prevailed on a central issue), *vacated in part on other grounds,* 804 F.2d 1573 (11th Cir.1986); *Ray v. Florida Cabinet,* 845 F.2d 311, 313 (11th Cir.1988).

*Jean v. Nelson* 863 F.2d 759, 766 (11th Cir. 1988)

Accordingly, for the reasons as stated, and for good cause, it is

ORDERED that the motion for attorney's fees (doc. # 25) be and is hereby GRANTED to the extent that the plaintiff be and is hereby AWARDED fees and expenses in the amount of $1843.75.  It is further

ORDERED that to the extent that plaintiff's counsel requests that fees be awarded directly to counsel, the motion be and is hereby DENIED.[1]  *Astrue v. Ratliff*, — S.Ct. —, 2010 WL 2346547 (2010); *Reeves,* 526 F.3d 732, 738 (11th Cir. 2008); 28 U.S.C. § 2412(d)(1)(A).

Done this 16th day of July, 2010.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

---

[1] On June 14, 2010, the United States Supreme Court decided *Astrue v. Ratliff*, — S.Ct. —, 2010 WL 2346547 (2010) in which the Court unambiguously held that attorney's fees are awarded to the prevailing litigant, not to prevailing litigant's attorney.  *See also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008) ("attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney.")